UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

J & J Sports Productions, Inc.,

    Plaintiff,

v.                              **MEMORANDUM OPINION AND ORDER**
                                   Civil No. 14-4134 (MJD/FLN)

Maximilliano Carrillo Tovar,
Orlando Floris Campis, and Agua
Brava Restaurant, LLC individually,
and d/b/a Agua Brava, and John DOES I-V,

    Defendants.
_____

    Kimberly M. Hanlon, Kimberly M. Hanlon, LLC, Counsel for Plaintiff.

    Lora M. Friedemann and Katherine J. Ratlin, Fredrikson & Byron, P.A., Counsel for Defendants.
_____

This matter is before the Court on Defendants Tovar and Campis's motion to dismiss the claims against them.

## I. Background

On October 2, 2014, Plaintiff filed this lawsuit, alleging that Defendants unlawfully intercepted and exhibited the "Floyd Mayweather, Jr. v. Saul Alverez, WBC Middleweight Championship Fight Program" (the "Program") at Agua

1

Brava Restaurant. (Compl. ¶ 16.) These allegations are based upon the sworn affidavit of investigator Francisco Ortiz, who contends that he entered Agua Brava at 10:40 p.m. on September 14, 2013 and observed the unlawful transmission at that time. (Hanlon Aff. at Exh. A [Doc. No. 20].) Citing this investigation, Plaintiff alleged that Defendants were in direct violation of the Federal Communications Act ("FCA"), 42 U.S.C. § 605, et seq. and the Cable & Television Consumer Protection and Competition Act, 42 U.S.C. § 553, et seq.

Attempts to serve Tovar and Campis were made on January 21, 2015. (See Doc. Nos. 8 and 9.) Agua Brava Restaurant, LLC was served on January 22, 2015. (Doc. No. 10.) None of the defendants, or anyone acting on their behalf, filed an Answer to the Amended Complaint within the time specified by Fed. R. Civ. P. 12(a)(1)(A). Accordingly, the Clerk entered default and Plaintiff moved for default judgment pursuant to Fed. R. Civ. P. 55(b).

At the hearing on Plaintiff's motion, Defendants Tovar and Campis appeared *pro se.* The Court continued the hearing on Plaintiff's motion and directed the Defendants to work with the Pro Se Project to seek counsel. Ultimately, they were able to obtain counsel through the Pro Se Project.

Thereafter, Defendants Tovar, Campis, and Agua Brava Restaurant, LLC

moved to set aside the Clerk's entry of default, and asked the Court to deny Plaintiff's motion for default judgment on the basis that they have several colorable defenses and that Plaintiff will not be prejudiced if the default is lifted by the Court. (Doc. No. 38.) One such defense raised in this motion was failure to properly serve Tovar and Campis. (Doc. No. 40 at 5.) Plaintiff did not oppose this motion, and the default was set aside.

Defendants Tovar and Campis now move the Court to dismiss the claims against them based on failure to state a claim and for insufficient service of process.

## II. Failure to Properly Serve Defendants Tovar and Campis

Defendants Tovar and Campis assert they were not properly served with the Summons and Complaint and move to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(5), insufficient service of process. Properly effected service is a fundamental element to any lawsuit, and a court lacks jurisdiction over that defendant that has not been properly served. See Willis v. Tarasen, 2005 WL 1705839, at *2 (D. Minn. July 11, 2005).

> On a motion to dismiss brought under . . . 12(b)(5), insufficiency of process of service, the plaintiff must establish prima facie evidence that there was sufficient process and service of process. A prima facie case is "[t]he

establishment of a legally required rebuttable presumption" or where "[a] party's production of enough evidence [allows] the fact-trier to infer the fact at issue and rule in the party's favor."

Devin v. Schwan's Home Servs., Inc., No. CIV. 04-4555 (RHK/AJB), 2005 WL 1323919, at *3 (D. Minn. May 20, 2005) (internal citations omitted).

An individual may be served process by "leaving a copy of the [summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). Plaintiff asserts it has made a prima facie showing that Tovar and Campis were properly served through the Affidavits of Service which show the Summons and Amended Complaint were left with at their residences with persons of suitable age and discretion residing therein. (Doc. Nos. 8 and 9.)

Defendant Tovar asserts that the Summons and Amended Complaint were left with his daughter, Karen Carillo, at Tovar's residence. As set forth in the Tovar declaration, his daughter did not live at his residence at that time. (Tovar Decl. ¶5.) Similarly, Plaintiff attempted to serve Campis by leaving the summons and complaint with his daughter-in-law, Ali Deluna, at Campis' residence. As set forth in the Campis declaration, Ali Deluna did not reside at his residence at the time she accepted service. (Campis Decl. ¶ 4.)

4

Plaintiff responds that an action should not be dismissed for lack of service if the evidence, viewed in the light most favorable to plaintiff, is sufficient to support a conclusion that service was proper. It is Plaintiff's position that the Court should only look to the sworn affidavits of the process server and those affidavits constitute prima facie evidence of valid service. Plaintiff further argues that to overcome the presumption that service was proper, the Court must hold an evidentiary hearing so that counsel has the opportunity to cross examine the statements of witnesses and for the Court to ascertain the credibility of the witnesses. The Court rejects these arguments.

When addressing a motion to dismiss for lack of service, the Court necessarily must review matters outside of the pleadings. Devin, 2005 WL 1323919, at *2 (citing 5B Wright & Miller, Federal Practice and Procedure: Civil § 1353 (3d. ed. 2004)). "Review of this evidence does not require converting the motion to one for summary judgment." Id. See also Seabrook v. Ind. School Dist. 535, Civ. No. 16-2245 (DSD/BRT), 2017 WL 685102 n. 6 (D. Minn. Feb. 21, 2017) (same); In re Mar-Kay Plastics, Inc., 234 B.R. 473, 478 (W.D. Mo. Bankr. 1999) (same); Travelers Cas. & Sur. Co. of America v. Telstar Const. Co., Inc., 252 F. Supp. 2d 917, 922 (D. Ariz. 2003) (same). Accordingly, the Court may take into

consideration the declarations of Tovar and Campis without converting the motion to one for summary judgment and which would require an evidentiary hearing.

The Tovar and Campis declarations sufficiently rebut the presumption that they were properly served. In response to this motion, Plaintiff did not present any evidence to support its position that at the time of service, those persons that accepted service resided at the residences of Tovar and Campis. Accordingly, the Court finds that Tovar and Campis were not properly served, and that the claims against them must be dismissed.

Fed. R. Civ. P. 4(m) provides the Court can dismiss an action without prejudice if the defendant is not properly served within 90 days of the date the Complaint was filed. The Court may also order the plaintiff to provide proper service within a specified time period upon a showing of good cause. In this case, Defendants assert that Plaintiff has failed to properly serve Tovar and Campis, and that it has been two years since the Complaint was filed. Defendants further assert they brought up the issue of improper service in their motion to set aside default judgment, which was filed in December 2016, yet Plaintiff has not taken any steps since that time to properly serve Tovar and

Campis.

Defendants ask that the claims be dismissed with prejudice, as Plaintiff has provided the Court no basis upon which to find that its failure to effect proper service was excusable. Rule 4(m) provides that if Plaintiff demonstrates good cause for its failure to properly serve Defendants, the Court must extend the deadline for service. Kurka v. Iowa County Iowa, 628 F.3d 953, 957 (8th Cir. 2010). If Plaintiff fails to demonstrate good cause, the Court may still exercise discretion and extend the deadline, but only upon a showing of excusable neglect. Id. The Court should take into account the following factors to determine whether Plaintiff has demonstrated excusable neglect: 1) the possibility of prejudice to the defendant; 2) the length of the delay and the potential impact on judicial proceedings; 3) the reason for the delay including whether the delay was within the party's reasonable control and 4) whether the party acted in good faith. Id. at 959.

In its response to Defendants' motion, Plaintiff did not argue it had good cause for its improper service and has provided no evidence of excusable neglect. The Court finds that Plaintiff has prejudiced Tovar and Campis as they have had this suit pending against them for two and one half years, and despite being put

on notice that Tovar and Campis were asserting improper service over six months ago, Plaintiff has done nothing to effect proper service or demonstrate to the Court that service was proper. Under these circumstances, the Court finds that dismissal of the claims against Tovar and Campis must be with prejudice.

**IT IS HEREBY ORDERED** that Defendant Tovar and Campis's motion to dismiss for improper service [Doc. No. 51] is **GRANTED**. The claims asserted against Maximilliano Carrillo Tovar and Orlando Floris Campis are **DISMISSED WITH PREJUDICE.**

Date: July 12, 2017

<u>s/ Michael J. Davis</u>
Michael J. Davis
United States District Court